IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EREZ RIMONI, ALON RIMONI** and **SHAI MANAGEMENT COMPANY, LLC,** | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) 2:20cv1390 |
| | ) **Electronic Filing** |
| **COMMONWEALTH LAND TITLE INSURANCE COMPANY,** | )<br>) |
| Defendant. | ) |

## MEMORANDUM ORDER

AND NOW, this 18th day of June, 2025, upon due consideration of [39] Third Party defendants Bart M. Beier and Maximilian F. Beier's Motion to dismiss and/or strike [31] Commonwealth Land and Title Insurance's Third-Party Complaint and the third-parties' submissions in conjunction therewith, IT IS ORDERED that [39] the motion be, and the same hereby is, denied.

Third-party defendant's multipronged attack on the sufficiency of the third-party complaint is unavailing. First, the filing of the complaint was timely under the orders entered in this case and it was the court that stayed this action, not third-party plaintiff.

Second, supplemental jurisdiction properly has been invoked. Of course, the court must have subject matter jurisdiction over the matters before it. Diversity jurisdiction over the initial claim exists because the amount in controversy exceeds $75,000 and the dispute is between "citizens of a state and citizens or subjects of a foreign state." 28 U.S.C. § 1332. Diversity is determined at the time the complaint is filed. "Unlike corporations, unincorporated associations such as [LLCs or] partnerships are not considered 'citizens' as the term used in the diversity statute." Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015). So the

"citizenship of an LLC is determined by the citizenship of its members." Id. "For complete diversity to exist, all of the associations members must be diverse from all parties on the opposing side." Id. Additionally, a plaintiff does not need to "affirmatively allege the citizenship of each member of a defendant LLC." Id. at 107. If the plaintiff can "allege in good faith that the LLC's members are not citizens of its state of citizenship, its complaint will survive a facial challenge." Id. at 110.

Here, Commonwealth is a Florida Corporation with its principal place of business in Florida and therefore is a citizen of Florida. Commonwealth's Response to Motion (Doc. No. 43) at ¶ 31; Commonwealth Disclosure Statement (Doc. No. 2) at p. 1-2. Plaintiffs Alon Rimoni, Erez Rimoni, and Ronen Rimoni are citizens of the nation of Israel. Complaint (Doc. No.1-2) at p. 4, ¶¶ 1-3. Shai Management Company, LLC, is not a citizen of Florida. Response to Motion at ¶ 31. Therefore, there is diversity jurisdiction between plaintiffs and defendant.

Furthermore, supplemental jurisdiction exists over the third-party complaint. As a general matter, "in any civil action of which the district courts have original jurisdiction, the district courts [] have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C.A. § 1367. When a defendant commences an action against a nonparty who "is or may be liable to it for all or part of the claim against it" pursuant to Rule 14(a), the defendant effectively has alleged that the third party defendant potentially is liable for the same claim arising from the original case or controversy. Federal Rules of Civil Procedure § 14(a). At this juncture plaintiffs have not asserted claims directly against the third-party defendants. See 28 U.S.C. § 1367(b). Therefore, under § 1367(a) supplemental jurisdiction exists over the claim.

2

Finally, any contention that the court should decline to exercise jurisdiction over this case because of pending matters in the state court is misplaced. It has long been settled that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colo. River Water Conservation Dist. V. United States, 424 U.S. 800, 96 S. Ct. 1236, 1246 (1976). And this remains true in actions seeking declaratory judgment. Reifer v. Westport Insurance Corp., 751 F.3d 129, 144 (3d Cir. 2014). In this regard the federal courts generally have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colo. River, 424 U.S. at 817.

Against this backdrop, a district court does retain discretion to decline jurisdiction over actions brought pursuant to the Declaratory Judgment Act. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942); Wilton v. Seven Falls Co., 515 U.S. 277, 290 (1995); State Auto Ins. Cos. v. Summy, 234 F.3d 131, 136 (3d Cir. 2000). Under the Act district courts are authorized "in the sound exercise of [their] discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." Reifer, 751 F.3d at 139 (quoting Winton, 515 U.S. at 288). And the exercise of that discretion is governed "by 'considerations of practicality and wise judicial administration.'" Id.

The Third Circuit has identified four general factors which inform the court's discretion:

(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation; and

(4) the availability and relative convenience of other remedies.

3

Id. at 140 (quoting United States v. Pa., Dep't of Envtl. Res., 923 F.2d 1071, 1075 (3d Cir. 1991) (citing Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213, 1224 (3d Cir.1989)).  Additional considerations in the insurance context include:

   (1) A general policy of restraint when the same issues are pending in a state court;

   (2) An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; and

   (3) Avoidance of duplicative litigation.

Id. (quoting Summy, 234 F.3d at 134).   And where relevant, the court should resist a party's use of a declaratory action as a method of procedural fencing or means to provide another forum in a race for *res judicata*.  Id. at 146.

    Here, the third-party defendants have failed to demonstrate that the exercise of the court's jurisdiction should be withheld in light of the general considerations informing such matters.  First, the main parties have invoked the court's jurisdiction and seek to have this court adjudicate the entirety of their dispute.  Third-party defendants are subject to liability only if defendant is ultimately found liable to plaintiffs.  Second, the related state court proceeding has been pending for four years and has not advanced to the point where even the pleadings have been framed.  So advancing the current proceeding does not seek to undo or reverse the rulings or otherwise thwart the progression of state court litigation that has been progressively advancing for a lengthy period of time.  And while there is some overlap been the third-party claims in this case and the pending state court matter, the dispute before this court seeks to adjudicate a broader array of claims among additional parties – all of which arise out of the assertedly defective real estate transaction.

    Given this court's subject matter jurisdiction over the pending claims and the main parties' desire to resolve the entire controversy in federal court, and after balancing of all the

parties' interests in obtaining a resolution to the current dispute, it is clear that the third-party defendants have not overcome the practical considerations that counsel in favor of exercising jurisdiction.

Based on the above, the third-party defendants' motion to dismiss has been denied.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:   Robert S. Bootay, III, Esquire
      Kevin D. Huber, Esquire
      R. Sean O'Connell, Esquire
      James A. Willhite, Esquire
      Dennis J. Roman, Esquire

      (*Via CM/ECF Electronic Mail*)