IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EREZ RIMONI, ALON RIMONI, RONEN RIMONI, and SHAI MANGEMENT COMPANY, LLC,** ) ) ) ) | |
| Plaintiffs,   ) ) | |
| v.   ) ) | 2:20cv1390 **Electronic Filing** |
| **COMMONWEALTH LAND TITLE INSURANCE COMPANY,**   ) ) ) | |
| Defendant/Third Party Plaintiff,   ) ) ) | |
| v.   ) ) | |
| **MAXIMILIAN F. BEIER and BART M. BEIER,**   ) ) ) | |
| Third Party Defendants.   ) | |

**MEMORANDUM ORDER**

AND NOW, this 27th day of January, 2026, upon due consideration of Plaintiffs' Motion to Overrule Defendant's Objections and Compel Discovery Responses and the parties' submissions in conjunction therewith, IT IS ORDERED that [47] the motion be, and the same hereby is, granted. Defendant shall provide complete responses to the requests for admissions and interrogatories and production of documents, including the agent's file, within 30 days.

The matters sought are relevant to the parties' dispute. Plaintiffs seek to establish that on the date of the closing on the underlying properties they paid for Title Insurance and were directed by the closing agent to wire the proceeds for the seller to the closing agent's business account, which they did. Thus, the agent for defendant was paid and received the insurance premiums for both properties; and the seller was paid and received the full purchase price for both properties – all as reflected in the HUD-1 closing documents. See Complaint (Doc. No. 1-

2) at ¶¶ 16-22; Settlement Statements (Doc. No. 1-2 at p. 9-12).  And despite the representations, documents and transactions made/generated/effectuated at closing, defendant's agent did not procure the purported Title Insurance prior to closing as represented.  Motion to Overrule (Doc. No. 47) at ¶ 2.

In contrast, defendant contends that its agent "discovered in the course of his title search that the person who signed the Deeds to the two Properties in Dispute on behalf of the seller did not have authority to do so.  Plaintiffs apparently had already paid their seller for the Properties in Dispute before having the title searched, and in this litigation now seek to compel 'coverage' under title policies that were expressly denied to them because their seller lacked title."  Defendant's Answer to Motion (Doc. No. 50) at ¶ 1.

The discovery sought by plaintiffs pertains to nine other properties which are separate from the two properties underlying plaintiffs' claim(s) for relief.  These properties were the subject of real estate transactions involving the same individual/entity seller involved in plaintiffs' transactions and/or the agent who handled those transactions.  The discovery does not seek information beyond these nine other properties.  The requests for production seek the investigations, reports and files of the defendant's agent for the transactions involving these nine properties that are in defendant's possession.

Defendant's contention that the information pertaining to the nine properties is beyond the scope of relevancy needed for discovery is unavailing.  It has long been recognized that federal courts have broad discretion to manage discovery, Sempier v. Johnson & Higgins, 45 F.3d 724, 734 (3d Cir. 1995), and the federal rules are crafted to permit broad and liberal discovery.  Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999).  Pursuant to Rule 26(b)(1), parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .  Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

Further, the relevancy requirement in this setting is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350 (1978).

The documents can reasonably bear on traditional issues such as a common plan by the agent or his lack of mistake in carrying out his duties in completing the transactions. They also may generate significant information from which to conduct cross examination and/or impeach potential witnesses for the defense. And they very well may lead to bases to establish admissions or prior recognitions regarding the availability of coverage under factual circumstances that plaintiff can argue are sufficiently analogous.

The requested discovery is relevant. And because it is limited to the nine properties, the proportionality component is satisfied. Consequently, plaintiff's motion to compel has been granted.

s/David Stewart Cercone  
David Stewart Cercone  
Senior United States District Judge

cc: Robert S. Bootay, III, Esquire  
Kevin D. Huber, Esquire  
R. Sean O'Connell, Esquire  
James A. Willhite, Esquire  
Dennis J. Roman, Esquire

(*Via CM/ECF Electronic Mail*)